ROBERT A. DOLINKO, State Bar No. 076256
DEBORAH R. SCHWARTZ, State Bar No. 208934
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

Attorneys for Defendant
THE HERTZ CORPORATION


LAWRENCE BALL, State Bar No. 60496
HIGHMAN, HIGHMAN & BALL
A Professional Law Association
870 Market Street, Suite 467
San Francisco, CA 94102
Telephone: (415) 982-5563
Facsimile: (415) 982-5202

Attorneys for Plaintiff
JOSEPH M. LANDWERMEYER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH M. LANDWERMEYER,<br><br>Plaintiff,<br><br>vs.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Case No.: C 05 1244 SI<br><br>**STIPULATED AND [PROPOSED] PROTECTIVE ORDER** |

# STIPULATION FOR PROTECTIVE ORDER

WHEREAS, plaintiff Joseph M. Landwermeyer ("Plaintiff") has made requests in discovery in this action for information and documents of a confidential, proprietary and/or private nature pertaining to the business operations of defendant The Hertz Corporation ("Defendant"), including but not limited to information pertaining to the personnel records of Hertz's employees and former employees; and

WHEREAS, Defendant wishes to safeguard from unauthorized use or disclosure to third parties the confidential documents and related information in its possession concerning its business operations under California and federal laws;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendant, through their counsel of record, that the Court may enter the following Protective Order in this action:

1. <u>Definition of "Confidential Information."</u>  For purposes of this Protective Order, "Confidential Information" means any type or classification of document or writing, whether originals, copies or in redacted form, and including but not limited to, oral deposition testimony (transcripts or videotapes), interrogatory responses, and responses to requests for admission, which contains confidential, personal or proprietary information pertaining in any manner to Defendant's business operations or clients.  All Confidential Information produced in this case shall be used solely for the purposes of this litigation as permitted by this Protective Order and for no other purpose.

2. <u>Personnel Files Are Confidential Information.</u>  Information and/or documents from the personnel files of current and former Hertz employees other than Plaintiff (including but not limited to payroll, medical and/or, performance information) shall be deemed Confidential Information and are not subject to the objection procedures described in paragraph 4.

3. <u>Time and Manner of Designation.</u>  A party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or in a letter referring to said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  In addition, a party may designate in

1   writing, within twenty (20) days after receipt of said responses or of the deposition transcript for

2   which the designation is proposed, that specific pages of the transcript and/or specific responses be

3   treated as "Confidential Information."

4       Any other party may object to such proposal, in writing or on the record. Upon such

5   objection, the parties shall follow the proceedings described in paragraph 4 below. After any

6   designation made according to the procedure set forth in this paragraph, the designated documents

7   or information shall be treated according to the designation until the matter is resolved, and

8   counsel for all parties shall be responsible for marking all previously unmarked copies of the

9   designated material in their possession or control with the specified designation.

10      4.      Procedure to Object to Designation. If a party contends that any material is not

11  entitled to confidential treatment, such party may at any time give written notice to the party who

12  designated the material. The party who designated the material shall have twenty-five (25) days

13  from the receipt of such written notice to apply to the Court for an order designating the material

14  as confidential. The party seeking the order has the burden of establishing that the document is

15  entitled to protection.

16      5.      Confidentiality of Documents. Notwithstanding any challenge to the designation of

17  material as Confidential Information, all documents shall be treated as such and shall be subject to

18  the provisions hereof unless and until one of the following occurs:

19          a)      the party who claims that the material is Confidential Information

20  withdraws such designation in writing; or

21          b)      the party who claims that the material is Confidential Information fails to

22  apply to the Court for an order designating the material is confidential within the time period

23  specified within above after receipt of a written challenge to such designation; or

24          c)      the Court rules the material is not Confidential Information.

25      6.      Limits on Disclosure and Use of Confidential Information. Subject to limits herein,

26  documents designated as confidential pursuant to this Protective Order, and the information

27  contained therein, shall be maintained in strict confidence by Plaintiff, and shall not be used,

28  disclosed or otherwise made available to any third parties, except that documents and information

designated as confidential may be used by or disclosed to the following persons or entities (hereinafter, "Qualified Persons") for a purpose related to the prosecution of this action:

        a)    the parties, counsel for the parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants assisting such counsel, court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

        b)    representatives of the parties hereto who are responsible for assisting counsel in the preparation for or trial of this case;

        c)    experts and consultants retained or employed to consult with, advise or assist counsel in the preparation for or trial of this case;

        d)    persons who are being prepared by counsel to give testimony at a deposition or at trial of this case, provided it is necessary for their testimony;

        e)    persons who are being examined by counsel at a deposition or at trial of this case when the examining attorney initiates questioning related to the document(s) or information;

        f)    the Court and its personnel; and

        g)    members of the jury if a trial is held in this matter.

No documents or information designated as Confidential Information subject to this Protective Order may be disclosed to anyone other than the Qualified Persons listed above. Any person to whom Confidential Information is made available for review shall read this Protective Order, and shall agree to maintain such designated information in confidence in a manner that limits access only to Qualified Persons; provided, however, that nothing shall prevent the use or disclosure of Confidential Information beyond the terms of this Protective Order if the party claiming confidentiality consents in writing prior to disclosure. In addition, any Qualified persons who receive copies of any documents containing Confidential Information shall indicate their agreement to be bound by the terms of this Protective Order by signing and dating an acknowledgment substantially in the form attached as Exhibit "A." Before reviewing Defendant's confidential documents, Plaintiff will sign this Stipulation.

The parties shall negotiate in good faith with respect to appropriate procedures for use of Confidential Information in any motions and at the trial of this action, consistent with the purpose and intent of this Protective Order. Any dispute regarding the use of any Confidential Information shall be resolved by the Court upon appropriate motion.

7. <u>Return of Confidential Information.</u> Within thirty (30) days of the date this action has terminated by settlement, judgment or dismissal, and after all appeals have been exhausted, all designated Confidential Information shall be returned to the party producing the documents, including all copies thereof, upon said party's request.

8. <u>Inadvertent Disclosure.</u> Should any document or information designated as Confidential Information hereunder be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, then the parties shall use their best efforts to bind such person to the terms of this Order and:

a) Such person shall be informed promptly of all of the provisions of this Protective Order by the party or counsel who learned of the disclosure;

b) Such person shall be identified immediately to the party that designated the document as confidential; and

c) Such person shall be requested to sign an agreement to abide by the terms of this Protective Order, which signed agreement shall be served on the party that designated the document as confidential.

9. <u>Discoverability and Admissibility of Documents.</u> Nothing in this Protective Order shall be construed to affect either the discoverability or admissibility in motions, applications and/or at trial of any document, recording or thing, nor shall any party's entry into this stipulated Protective Order be deemed to waive its right to object to the production or admissibility at trial of documents, recordings or things on appropriate grounds.

10. <u>No Waiver.</u> No party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not constitute a waiver of, or preclude a subsequent attack on, the propriety of such designation. Nothing in this Protective Order shall abridge the

1   right of any person to seek the review, modification or amendment of this stipulated Protective

2   Order.

3       11.   Court's Jurisdiction.  The Court retains jurisdiction to amend or modify this

4   Protective Order upon motion by a party or on its own motion. The provisions of this Protective

5   Order concerning the use and/or disclosure of Confidential Information shall survive the

6   termination of this action.

7       IT IS SO STIPULATED.

8

9   Dated: December 23, 2005          THELEN REID & PRIEST LLP

10                          By   *Robert A. Dolinko*

11                             Robert Dolinko

12                             Deborah R. Schwartz
                           Attorney for defendant

13                             THE HERTZ CORPORATION

14  Dated: December 22, 2005          HIGHMAN, HIGHMAN & BALL

15

16                          By

17                           Lawrence Ball

18                           Attorneys for plaintiff
                         JOSEPH M. LANDWERMEYER

19

20

21

22

23

24

25

26

27

28

## ORDER

Based upon the foregoing Stipulation and good cause appearing therefore,

IT IS HEREBY ORDERED that the meanings and provisions contained in the foregoing Stipulation for Protective Order concerning the use and/or disclosure of Confidential Information shall be effective as to all parties for the purposes of this litigation and all related matters.

IT IS SO ORDERED.

Dated: _____, 2005

GRANTED

Judge Susan Illston

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## EXHIBIT A

### DECLARATION OF "QUALIFIED PERSON"

I, _____, declare that I have read the Protective Order entered in the action entitled *Joseph M. Landwermeyer v. The Hertz Corporation*, United States District Court, Northern District of California, Case No. C 05 1244 SI, and agree to be bound by its terms, to maintain that information designated as Confidential Information in confidence, not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person under paragraph 6 of the Protective Order, and not to use Confidential Information except in connection with the trial or preparation for trial of this proceeding. To effectuate my compliance with this Protective Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court, Northern District of California, for purposes of this action only.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration is executed by me on _____, 200___.

Signature of Declarant_____

Print name:_____

Affiliation:_____

_____

Business Address:_____

_____

Home Address:_____